UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
-------------------------------------------------------------------X
JESSICA DENNIS,                                                    )
                                                                   )   **COMPLAINT**
                                    Plaintiff,                     )   **DOCKET #**
                                                                   )
        -against-                                                  )
                                                                   )
TOWN OF LOUDON, LOUDON POLICE CHIEF                                )   **JURY TRIAL**
ROBERT N. FISKE, LOUDON POLICE OFFICER                             )   **DEMANDED**
GREGORY L. BAVIS, LOUDON POLICE                                    )
CORPORAL ROBERT S. AKERSTROM, and                                  )
NEW HAMPSHIRE STATE POLICE SEARGEANT                               )
GREGORY N. FERRY                                                   )
                                                                   )
                                                                   )
                                    Defendants.                    )
                                                                   )
-------------------------------------------------------------------X
```

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff, JESSICA DENNIS, seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, of rights secured by the fourth and fourteenth amendments to the United States Constitution, and of rights secured under the laws and constitution of the State of New Hampshire. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and other and further relief as this Court deems just and equitable.

1

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the fourth and fourteenth amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff requests that this Court exercise supplemental jurisdiction over any state court causes of actions that arises from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein. 28 U.S.C. § 1367.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. The plaintiff, JESSICA DENNIS, at all times relevant herein, was a resident of the City of Concord, State of New Hampshire.

8. The defendant, TOWN OF LOUDON, is a municipal entity created and authorized under the laws of the State of New Hampshire. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant, TOWN OF

LOUDON, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the Loudon Police Department.

9. Defendant, ROBERT N. FISKE, was at all times relevant herein, the police chief for the TOWN OF LOUDON, and was responsible for, and the chief architect of, the policies, practices and customs of the Loudon Police Department, as well as responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command. He is being sued in his official capacity.

10. Defendants, LOUDON POLICE OFFICER GREGORY L. BAVIS and LOUDON POLICE CORPORAL ROBERT S. AKERSTROM, were, at all times relevant herein, acting under color of state law as officers, employees and agents of the Loudon Police Department, of the defendant, TOWN OF LOUDON. These defendants are being sued individually and not in their official capacity.

11. In addition, CORPORAL ROBERT S. AKERSTROM was, at all times relevant herein, functioning in a supervisory capacity relative to OFFICER GREGORY L. BAVIS, and was responsible for the training, supervision, discipline, counseling and control of OFFICER GREGORY L. BAVIS.  At all times relevant to this suit, CORPORAL ROBERT S. AKERSTROM was acting under color of state law. This defendant is being sued individually and not in his official capacity.

12. Defendant NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY was, at all times relevant herein, acting under color of state law as an officer, employee and agent of the New Hampshire State Police. At all times

relevant to this suit, NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY was acting under color of state law. This defendant is being sued individually and not in his official capacity.

## FACTS

13. The allegations contained in paragraphs 1 through 12 are re-alleged and incorporated herein.

14. On or about July 18, 2009, the Loudon Police Department was dispatched to a property in Loudon, New Hampshire for a noise complaint. Defendant Officer Bavis and Defendant Corporal Akerstrom responded to the call.

15. While at the property, a lone male subject wearing a red shirt allegedly ran into a wooded area. Defendant Akerstrom then contacted the New Hampshire State Police and requested the assistance of a New Hampshire State Police trained police dog (herein after "police dog").

16. Defendant New Hampshire State Police Sergeant Gregory N. Ferry, along with his police dog, was dispatched to assist the Loudon Police Department at a residence where a house party was allegedly being held. The information provided to Defendant Ferry was that several individuals ran from the residence into the woods.

17. Once Defendant Ferry arrived at the scene, he was informed by Defendant Akerstrom that several individuals ran out of the rear of the house into the woods.

18. Defendant Ferry then began using his police dog to track the individual who had allegedly run into the woods. This tracking took Defendant Akerstrom a considerable distance from the residence at issue.

19. At approximately this time, Ms. Dennis was also a considerable distance from the residence at issue. She had come to this location in a vehicle, and stepped out and into a heavily wooded area when she heard men yelling. Ms. Dennis had never been to the residence at issue. Ms. Dennis was seated on the ground. She was quiet and not moving.

20. Suddenly, and with no warning or provocation, the police dog attacked Ms. Dennis as she sat on the ground. Ms. Dennis was bitten repeatedly by the police dog, on her shoulder, arm, and leg. At no time did she resist or fight back against the attack of the police dog. At some point, the police dog was able to secure a sufficiently tight grip on Ms. Dennis' body that it began to drag Ms. Dennis along the ground, with its teeth clamped on Ms. Dennis. As a result of the attack, Ms. Dennis was bleeding from various parts of her body, and her clothing was torn.

21. Eventually Defendant Ferry was able to regain control of his police dog and was able to stop the attack.

22. Defendants Bavis and Akerstrom were present during the attack, but did nothing to assist Ms. Dennis.

23. Defendant Ferry yelled to Defendants Bavis and Akerstrom, "It's a female. It's not even the one in the red shirt."

24. Defendants Bavis and Akerstrom then physically took custody of Ms. Dennis. One of these two defendants asked Ms. Dennis if she needed an ambulance, which she declined. The other of these two defendants asked Ms. Dennis whether she had been drinking, to which Ms. Dennis responded in the negative. This

Defendant responded by saying, "You're lying, you ding dong." This Defendant then pulled Ms. Dennis' arms behind her back and handcuffed her.

25. Prior to being handcuffed, Ms. Dennis asked this Defendant if she could adjust her clothing, since the attack by the police dog had ripped the clothing covering her breasts. As a result, Ms. Dennis's left breast was partially exposed. This Defendant refused to allow Ms. Dennis to adjust her clothing. He then led her, handcuffed and with her breast partially exposed, to a police car.

26. On the way to the police car, this Defendant asked Ms. Dennis, "Do your bites hurt?" When Ms. Dennis replied in the affirmative, this Defendant responded, "That's what you get for hiding from a police dog, you retard."

27. This Defendant then placed Ms. Dennis into the back seat of a police car. She was not alone. And older male was already seated in the back of the police car, and Ms. Dennis was placed next to this man. Her breast was still partially exposed.

28. At some point, another female who was a friend of Ms. Dennis walked over to the side of the police car containing Ms. Dennis. This female reached in and adjusted Ms. Dennis' clothing so that her breast was no longer exposed.

29. After some time had passed, one of the Loudon Defendants took Ms. Dennis out of the back of the police car and began to change her handcuffs. Because she had been seated so long with her hands cuffed behind her back, Ms. Dennis was experiencing significant pain. Ms. Dennis asked this Defendant whether she could be handcuffed in front of her body, instead of behind her back. This Defendant replied, "This isn't my cruiser. I don't make the rules for the people in

it, you dumb blonde." Ms. Dennis was then re-handcuffed behind her back and place back into the back of the police car.

30. After some time had passed, Ms. Dennis was brought to the Loudon Police Department, along with many other persons from the same location. Ms. Dennis was told to sit on the floor in a hallway, along with the other persons who had been arrested. These persons, including Ms. Dennis, were handed arrest face sheets, and were told to fill out their own arrest information. Ms. Dennis was told to fill in "Resisting Arrest" as the offense with which she was being charged. This was the first indication of any kind that Ms. Dennis received regarding why she had been detained, or why she was being arrested, or that she was being charged with a crime.

31. At some point, Ms. Dennis was told that she had to take a breath alcohol test. She was handed the tube and told to blow. She did so. The officer's response was, "You fucked it up." Ms. Dennis kept asking for additional opportunities to take the breath alcohol test, and she was given those opportunities. The machine she was blowing into continued to not register a result for Ms. Dennis. After many repeated attempts, the machine allegedly showed the number .077 on its display. Ms. Dennis was then told, "Read that number and go sit the fuck down." Ms. Dennis did as she was told.

32. Back in her original spot on the floor, Ms. Dennis made the comment, "I don't get how that is right. I haven't been drinking. I seriously don't get it."

33. The Officer with the test came over to Ms. Dennis, and bent down so that his face was very close to Ms. Dennis' face. He then stated to her, "If you don't shut the

fuck up, there is plenty of space for your ass to spend the weekend in county." It should be noted that July 18, 2009 was a Saturday. After this threat, Ms. Dennis stopped talking.

34. While at the Loudon Police Department, the Officers present were verbally abusive toward Ms. Dennis. They made comments, such as calling her stupid, "But at least she's hot," as well as, "She gets by on her looks." During this time, Officers were taking pictures of Ms. Dennis with their cell phones.

35. Later that morning, Ms. Dennis was released from custody. She had been charged with Resisting Arrest, a misdemeanor, and Possession of Alcohol by a Minor, a violation.

36. On August 18, 2010, Ms. Dennis was tried in the Concord District Court on the above two charges. The charge of Resisting Arrest was dismissed at the close of the State's case against Ms. Dennis, for failure of the State to even make a *prima facia* case against Ms. Dennis. With respect to the Possession of Alcohol by a Minor charge, Ms. Dennis was found not guilty, from the bench.

## AS AND FOR A FIRST CAUSE OF ACTION:

## CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS LOUDON POLICE OFFICER GREGORY L. BAVIS, LOUDON POLICE CORPORAL ROBERT S. AKERSTROM, AND NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36 above as is fully set forth herein.

38. On or about July 19, 2009, defendants LOUDON POLICE OFFICER GREGORY L. BAVIS, LOUDON POLICE CORPORAL ROBERT S. AKERSTROM, and NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY seized the plaintiff, JESSICA DENNIS, within the meaning of the Fourth Amendment.

39. Defendants LOUDON POLICE OFFICER GREGORY L. BAVIS, LOUDON POLICE CORPORAL ROBERT S. AKERSTROM, and NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY, physically seized the person of and arrested the plaintiff, JESSICA DENNIS without probable cause or any legal justification, in violation of the Fourth and Fourteenth Amendments.

40. Defendant NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY used excessive force in effecting the arrest of JESSICA DENNIS by having the police dog violently seize JESSICA DENNIS as described above, without probable cause and without justification for the use of such force, in violation of the Fourth and Fourteenth Amendments.

41. As a result of the foregoing incident, plaintiff received numerous physical and emotional injuries causing the plaintiff pain and suffering, as well as legal and medical expenses.

42. The conduct and action of defendants, BAVIS, AKERSTROM, and FERRY, acting under color of state law, in unlawfully seizing the plaintiff, assaulting her, and falsely and illegally arresting her, was done intentionally, maliciously and with deliberate indifference to the rights of the plaintiff, and was designed to and did cause physical injury, pain and suffering in violation of plaintiff's

9

constitutional rights as guaranteed under 42 U.S.C. §1983 and the fourth and fourteenth amendments to the United States Constitution.

## AS AND FOR A SECOND CAUSE OF ACTION:

## MALICIOUS PROSECUTION AGAINST DEFENDANT CORPORAL ROBERT S. AKERSTROM

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 42 above as is fully set forth herein.

44. Defendant LOUDON POLICE CORPORAL ROBERT S. AKERSTROM commenced a criminal proceeding against the plaintiff, JESSICA DENNIS, by signing the criminal complaints that charged plaintiff JESSICA DENNIS with Resisting Arrest, and Possession of Alcohol by a Minor.

45. The plaintiff, JESSICA DENNIS, prevailed at trial on both criminal complaints. The Resisting Arrest charged was dismissed for the State's failure to make a *prima facia* showing, and plaintiff, JESSICA DENNIS, was found not guilty of the Possession of Alcohol by a Minor charge.

46. Defendant LOUDON POLICE CORPORAL ROBERT S. AKERSTROM did not have probable cause to bring these charges.

47. Defendant LOUDON POLICE CORPORAL ROBERT S. AKERSTROM acted with actual malice, knowing there was no probable cause for the prosecution of plaintiff, JESSICA DENNIS.

48. As a result of the forgoing incident, plaintiff suffered emotional injuries, as well as legal expenses.

## AS AND FOR A THIRD CAUSE OF ACTION:

## VIOLATON OF RSA 466:19 BY DEFENDANT NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY

49. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 48 above as is fully set forth herein.

50. At all times relevant herein, defendant NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY was the owner and handler of the police dog, which caused the injuries and damage of which the plaintiff herein complains. The police dog had a vicious and mischievous nature, disposition, and propensity, which was known or should have been known by the defendants.

51. On or about July 18, 2009, the police dog was not under any form of restraint or control of defendant NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY as it neared the plaintiff. At that time and place, the police dog attacked the plaintiff, inflicting various injuries. The plaintiff has suffered damage occasioned by the police dog's conduct, all of which are within the jurisdictional limits of this Court.

52. The defendant FERRY committed these acts and omissions in the scope of his employment as a police officer with the New Hampshire State Police.

53. As a result of the foregoing incident, plaintiff JESSICA DENNIS received numerous physical and emotional injuries causing the plaintiff pain and suffering, as well as legal and medical expenses.

## AS AND FOR A FOURTH CAUSE OF ACTION:

## NEGLIGENCE AGAINST DEFENDANT NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY

54. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 53 above as is fully set forth herein.

55. At all times herein mentioned, defendant NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY was the owner and handler of the police dog, which caused the injuries and damage of which the plaintiff herein complains. The police dog had a vicious and mischievous nature, disposition, and propensity, which was known or should have been known by defendant FERRY.

56. On or about July 18, 2009, despite his duty to keep the police dog under control, defendant FERRY failed to keep the police dog under control, and the police dog was not under any form of restraint or control of defendant FERRY as it neared the plaintiff. At that time and place, the police dog attacked the plaintiff, inflicting various injuries. Among other things, Ms. Dennis suffered bites from the police dog on her shoulder, arm, and leg. As a proximate result of the actions of defendant FERRY, the plaintiff has suffered injuries and damage occasioned by the police dog's conduct, all of which are within the jurisdictional limits of this Court.

57. The defendant FERRY committed these acts and omissions in the scope of his employment as a police officer with the New Hampshire State Police.

## AS AND FOR A FIFTH CAUSE OF ACTION:
## BATTERY AGAINST DEFENDANT NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY

58. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 57 above as is fully set forth herein.

59. At all times herein mentioned, defendant NEW HAMPSHIRE STATE POLICE SEARGEANT GREGORY N. FERRY was the owner and handler of the police dog, which caused the injuries and damage of which the plaintiff herein complains.  The police dog had a vicious and mischievous nature, disposition, and propensity, which was known or should have been known by defendant FERRY.

60. On or about July 18, 2009, despite his duty to keep the police dog under control, defendant FERRY failed to keep the police dog under control, and the police dog was not under any form of restraint or control of defendant FERRY as it neared the plaintiff.  At that time and place, the police dog attacked the plaintiff, inflicting various injuries.

61. The defendant FERRY committed this battery in the scope of his employment as a police officer with the New Hampshire State Police.

62. Among other things, Ms. Dennis suffered bites from the police dog on her shoulder, arm, and leg.  As a proximate result of the actions of defendant FERRY, the plaintiff has suffered injuries and damage occasioned by the police dog's conduct, all of which are within the jurisdictional limits of this Court.

**AS AND FOR A SIXTH CAUSE OF ACTION:**

**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS LOUDON POLICE OFFICER GREGORY L. BAVIS and LOUDON POLICE CORPORAL ROBERT S. AKERSTROM</u>**

63. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 62 above as is fully set forth herein.

64. Defendants LOUDON POLICE OFFICER GREGORY L. BAVIS and LOUDON POLICE CORPORAL ROBERT S. AKERSTROM maliciously caused plaintiff JESSICA DENNIS to be verbally accosted and sexually harassed as described above.

65. As a result of the foregoing incidents, plaintiff received emotional injuries with physical manifestations causing the plaintiff pain and suffering.

66. The conduct and actions of Defendants LOUDON POLICE OFFICER GREGORY L. BAVIS and LOUDON POLICE CORPORAL ROBERT S. AKERSTROM were done intentionally, maliciously and were designed to cause severe emotional harm, and/or were done negligently, with the proximate result being plaintiff JESSICA DENNIS experiencing severe emotional and physical injury, pain and suffering which, together with interest, costs and fees is in an amount within the jurisdictional limits of this Court.

67. The actions of Defendants LOUDON POLICE OFFICER GREGORY L. BAVIS and LOUDON POLICE CORPORAL ROBERT S. AKERSTROM were malicious and outrageous and justify the awarding of enhanced compensatory damages.

**AS AND FOR A SEVENTH CAUSE OF ACTION:**

**NEGLIGENT SUPERVISION, TRAINING AND/OR RETENTION AGAINST THE DEFENDANT TOWN OF LOUDON**

68. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 67 above as is fully set forth herein.

69. At all times material to this complaint, the defendant TOWN OF LOUDON, acting through its POLICE CHIEF ROBERT N. FISKE, owed plaintiff JESSICA DENNIS a duty to exercise reasonable care in the hiring, supervision, and training of its officers, including defendants LOUDON POLICE OFFICER GREGORY L. BAVIS and LOUDON POLICE CORPORAL ROBERT S. AKERSTROM.

70. On information and belief, the defendants TOWN OF LOUDON and POLICE CHIEF ROBERT N. FISKE failed to establish guidelines for, and/or train, supervise or educate its police officers, including the defendants LOUDON POLICE OFFICER GREGORY L. BAVIS and LOUDON POLICE CORPORAL ROBERT S. AKERSTROM, about correct practices and police procedures in the legal requirements of probable cause, the prohibition of excessive force, and prosecution requirements.

71. On information and belief, the defendants TOWN OF LOUDON and POLICE CHIEF ROBERT N. FISKE failed to effectively screen, hire, train, supervise, and discipline its police officers, including defendants BAVIS and AKERSTROM for their propensity for making groundless arrests and prosecutions, thereby permitting defendants BAVIS and AKERSTROM to be in a position to violate the plaintiff's rights.

72. The defendants TOWN OF LOUDON and POLICE CHIEF ROBERT N. FISKE, being aware that such lack of effective screening and hiring, and lack of training, supervision, and discipline, leads to improper conduct by its employee police officers, acted negligently in failing to establish a program of effective screening

and hiring, and failing to establish a program of training, supervision and discipline.

73. On information and belief, the defendants TOWN OF LOUDON and POLICE CHIEF ROBERT N. FISKE failed to put into place and maintain a structure for risk containment and management relative to its employee police officers. Said structure was deficient, at the time of pre-selection and selection, to (a) evaluate and exchange information within the command structure about the performance of individual police officers; (b) train supervisory personnel to effectively and adequately evaluate the performance of a police officer; and (c) otherwise put the command structure on notice that an individual was or individuals were a significant risk to the public at large. The net effect of this was to permit police officers of the defendant TOWN OF LOUDON to function at levels of unreasonable risk to the public at large, and to plaintiff JESSICA DENNIS in particular.

74. As a result of a these policies, practices, customs, or usages, defendants TOWN OF LOUDON and POLICE CHIEF ROBERT N. FISKE have permitted and allowed for the employment and retention of individuals as police officers whose individual circumstances place the public at large, or segments thereof, at an unreasonable risk of being the victims of discriminatory, abusive, or otherwise illegal and offensive behavior. Such policies, practices, customs, and usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the plaintiff.

75. On information and belief, the defendants TOWN OF LOUDON and POLICE CHIEF ROBERT N. FISKE failed to effectively screen, hire, train, supervise, and discipline its police officers, including defendants BAVIS and AKERSTROM regarding sexual harassment and proper treatment of female arrestees, thereby permitting defendants BAVIS and AKERSTROM to be in a position to violate the plaintiff's rights.

76. As a result of a these policies, practices, customs, or usages, defendants TOWN OF LOUDON and POLICE CHIEF ROBERT N. FISKE have permitted and allowed for the employment and retention of individuals as police officers whose individual circumstances place female detainees at an unreasonable risk of being the victims of abusive, derogatory, sexually abusive or otherwise illegal and offensive behavior. Such policies, practices, customs, and usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the plaintiff.

77. The conduct of defendants TOWN OF LOUDON and POLICE CHIEF ROBERT N. FISKE was the direct and proximate cause of bodily and psychological harm, pain and suffering in violation of the plaintiff's rights.

78. As a direct and proximate result of the defendants' wrongful policies, practices, customs, and usages complained of herein, the plaintiff has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, and medical and legal expenses.

**AS AND FOR AN EIGHTH CAUSE OF ACTION:**

## RESPONDEAT SUPERIOR AGAINST THE DEFENDANT TOWN OF LOUDON

79. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 76 above as is fully set forth herein.

80. All of the conduct of defendants LOUDON POLICE OFFICER GREGORY L. BAVIS, LOUDON POLICE CORPORAL ROBERT S. AKERSTROM, alleged herein, occurred while they were on duty, and in and during the course and scope of their duties and functions as TOWN OF LOUDON police officers, and while they were acting as agents and employees of the TOWN OF LOUDON, and as a result, defendant TOWN OF LOUDON is liable to the plaintiff pursuant to the state common law doctrine of *respondeat superior* for the malicious prosecution and the intentional and/or negligent infliction of emotional distress of its employees, defendants LOUDON POLICE OFFICER GREGORY L. BAVIS and LOUDON POLICE CORPORAL ROBERT S. AKERSTROM.

81. The defendant TOWN OF LOUDON is thus liable to plaintiff JESSICA DENNIS for the physical and emotional injuries she suffered as described above which, together with costs, interest, and fees, is in an amount within the jurisdictional limits of this court.

82. Pursuant to N.H.R.S.A. 507-B:7, the plaintiff, by certified mail, return receipt requested, gave notice to the defendant, TOWN OF LOUDON, of this claim.

83. By the actions described above, the defendants individually and collectively, have committed the following wrongful acts against the plaintiff:

   A.  Assault on the person of the plaintiff, JESSICA DENNIS;

B. Battery on the person of the plaintiff, JESSICA DENNIS;

C. Intentional and negligent infliction of emotional distress on the plaintiff, JESSICA DENNIS;

D. False arrest of the plaintiff, JESSICA DENNIS;

E. Malicious prosecution of the plaintiff, JESSICA DENNIS; and

F. Violation of the rights otherwise guaranteed to the plaintiff under the laws and constitution of the United States of America.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. Enhanced compensatory damages;

d. The convening and impaneling of a jury to consider the merits of the claims herein;

e. Costs and interest and attorney's fees; and

f. Such other and further relief as this Court may deem appropriate and equitable, Including injunctive and declaratory relief as may be required in the interests of justice.

Dated: June 23, 2011
Concord, New Hampshire

 /s/ Nicholas Brodich, Esq.
NICHOLAS BRODICH (Bar # 5630)
Tarbell & Brodich, P.A.
45 Centre Street
Concord, NH 03301
(603) 226-3900
Email: nbrodich@tarbellpa.com


Attorney for the Plaintiff,

JESSICA DENNIS