UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Jessica Dennis, | |
|     Plaintiff | |
| v. | Civil No. 1-11-cv-0302-JL |
| Town of Loudon, et al., | |
|     Defendants | |

## DEFENDANT FERRY'S ANSWER WITH AFFIRMATIVE DEFENSES

NOW COME the Defendant, New Hampshire State Police Sergeant GREGORY N. FERRY (herein "Defendant" or "Ferry"), by and through his counsel, the Office of the Attorney General, and files his Answer with Affirmative Defenses to the Complaint herein as follows:

### PRELIMINARY STATEMENT

1.      The statements of the case set forth in this paragraph are legal conclusions and do not require a response. However, Defendant does deny all allegations of misconduct, civil rights violations and related injuries and damages.

### JURISDICTION

2-4.    The statements set forth relate to jurisdiction and do not require a response. However, Defendant admits that this court has jurisdiction pursuant to the allegations as set forth herein.

### JURY TRIAL DEMAND

5.      The statement relates to a jury demand and does not require a response. However, Defendant demands trial by jury herein.

## VENUE

6. The statements set forth relate to venue and do not require a response. However, Defendant admits that venue is appropriate herein.

## PARTIES

7. Admitted.

8. Defendant has no personal knowledge of the facts alleged and therefore can neither admit nor deny the allegations set forth therein.

9-11. Defendant has no personal knowledge of the facts alleged and therefore can neither admit nor deny the allegations set forth therein.

12. Admitted.

13. Defendant realleges and incorporates by reference his responses to paragraphs 1 through 12.

14. Admitted.

15. Admitted that assistance was requested by this defendant and his trained police dog at the scene; otherwise, Defendant has no personal knowledge of the facts alleged and therefore can neither admit or deny the allegations.

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied that Plaintiff was a considerable distance from the residence at issue. Otherwise, Defendant has no personal knowledge of the remaining facts alleged and therefore can neither admit nor deny the allegations.

20 Denied, including each subpart thereof.

21. Denied that any alleged attack occurred. Denied that any need arose to restrain the said dog.

22. Denied that any alleged attack occurred. Admit said individuals were present in the area.

23. Denied.

24. Admitted that said individuals took custody of Plaintiff. Otherwise, Defendant has no personal knowledge of the remaining facts alleged and therefore can neither admit nor deny the allegations.

25. Denied that any alleged attack occurred . Otherwise, Defendant has no personal knowledge of the remaining facts alleged and therefore can neither admit nor deny the allegations.

26-30. Defendant admits plaintiff and others were brought to Loudon Police Department; otherwise Defendant has no personal knowledge of the remaining facts alleged and therefore can neither admit nor deny the allegations.

31-34. Defendant admits that Plaintiff tested positive for alcohol consumption; otherwise, Defendant has no personal knowledge of the remaining facts alleged and therefore can neither admit nor deny the allegations.

35. Admitted that Plaintiff was charged with said offenses; otherwise, Defendant has no personal knowledge of the remaining facts alleged and therefore can neither admit nor deny the allegations.

36. Admitted that the Plaintiff was found not guilty of said offenses; otherwise, Defendant has no personal knowledge of the remaining facts alleged and therefore can neither admit nor deny the allegations.

37. Defendant realleges and incorporates by reference his responses to paragraphs 1 through 36.

38. Admitted regarding this Defendant; otherwise, Defendant has no personal knowledge of the remaining facts alleged and therefore can neither admit nor deny the allegations.

39. Admitted that this Defendant participated in the seizure of Plaintiff; denied that this Defendant arrested Plaintiff; otherwise, denied.

40. Denied.

41. Denied.

42. Denied.

43-48. Allegations herein do not pertain to this Defendant and are not responded to accordingly. This Defendant lacks sufficient information to admit or deny said allegations.

49. Defendant realleges and incorporates by reference his responses to paragraphs 1 through 48.

50. Admitted that Defendant was the handler of said police dog; otherwise, denied.

51. Denied.

52. Admitted that said Defendant acted within the scope of his employment; otherwise, denied.

53. Denied.

54. Defendant realleges and incorporates by reference his responses to paragraphs 1 through 53.

55. Admitted that Defendant was the handler of said police dog; otherwise, denied.

56. Denied.

57. Admitted that said Defendant acted within the scope of his employment; otherwise, denied.

58. Defendant realleges and incorporates by reference his responses to paragraphs 1 through 57.

59. Admitted that Defendant was the handler of said police dog; otherwise, denied.

60. Denied.

61. Admitted that said Defendant acted within the scope of his employment; otherwise, denied.

62. Denied.

63-82. Allegations herein do not pertain to this Defendant and are not responded to accordingly. This Defendant lacks sufficient information to admit or deny said allegations.

83. To the extent said paragraph contains allegations of wrongdoing by this Defendant, denied including all subparts thereof.  Otherwise, the allegations herein do not pertain to this Defendant and are not responded to accordingly. This Defendant lacks sufficient information to admit or deny said allegations.

Furthermore, Defendant denies each and every allegation of wrongdoing and liability against him not specifically admitted, controverted or denied and that plaintiff is entitled to recover any damages accordingly.

**AFFIRMATIVE DEFENSES**

In addition to the specific denials and information above, the Defendant makes the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant is entitled to all affirmative immunities including qualified immunity, absolute immunity, good faith immunity and official immunity.

3. Plaintiff's claims are barred and/or reduced by comparative or contributory fault.

4. Plaintiff's claims are barred by RSA 507:8-d, 627:1 and 627:5.

5. Plaintiff's claims are barred and/or reduced by assumption of the risk.

6. Plaintiff failed to mitigate her damages, if any.

7. No punitive or enhanced damages are warranted.

8. Defendant asserts the defense of provocation by Plaintiff.

9. Defendant requests an award of attorneys fees and costs against plaintiff as this action is frivolous and without factual or legal basis.

10. Defendant requests a jury trial.

11. Defendant is immune from liability pursuant to RSA 508:18-a.

12. Defendant reserves the right to raise additional defenses based upon further discovery hereafter.

WHEREFORE, it is respectfully requested that the Complaint be dismissed and/or judgment be entered in favor of this Defendant accordingly.

Respectfully submitted,

Gregory N. Ferry
By his attorneys,

Michael A. Delaney
Attorney General

Date: July 21, 2011

/s/ Kevin H. O'Neill
Kevin H. O'Neill (NH Bar #4108)
Assistant Attorney General

John C. Vinson (NH Bar #9181)
Attorney

NH Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-3675

**Certificate of Service**

  I hereby certify that a copy of the foregoing Defendant's Answer With Affirmative Defenses was electronically filed and served this date through first class mail, postage prepaid, to Nicholas Brodich, Esquire.


July 21, 2011             /s/ Kevin H. O'Neill