UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

******************************************
Jessica Dennis, *
Plaintiff, *
v. * **No. 1:11-cv-00302-JL**
Town of Loudon, *
Robert N. Fiske, in his official capacity as the *
Chief of the Loudon Police Department, *
Gregory L. Bavis, individually, *
Robert S. Akerstrom, individually, *
Gregory N. Ferry, individually, *
Defendants. *
******************************************

**ANSWER OF DEFENDANTS TOWN OF LOUDON, CHIEF ROBERT N. FISKE, CORPORAL ROBERT S. AKERSTROM & OFFICER GREGORY L. BAVIS**

NOW COME defendants Town of Loudon, Chief Robert N. Fiske, Corporal Robert S. Akerstrom and Officer Gregory L. Bavis, by and through their counsel, Curtin, Murphy & O'Reilly, PC, and submit their joint answer to the above-captioned complaint, *seriatim*.

PRELIMINARY STATEMENT

1. The first unnumbered paragraph is introductory material, legal conclusions and citations, and argument that do not require a response; to the extent that facts and legal claims are alleged, these Defendants deny those allegations, as well as the plaintiff's asserted entitlement to any damages and/or equitable relief, award of costs, interest and/or attorney's fees sought.

JURISDICTION

2. These defendants contest the plaintiff's claims of constitutional and civil rights violations, but do not contest the jurisdiction of this court over the review and adjudication of this complaint.

3. These defendants contest the plaintiff's claims of Fourth and Fourteenth Amendment and/or 42 U.S.C. § 1983 violations, but do not contest the jurisdiction of this court over the

review and adjudication of this complaint.

4. These defendants contest the plaintiff's claims of state common law violations and contest the exercise of supplemental jurisdiction over such claims if the federal claims are resolved by way of summary judgment, but at this time do not contest the supplemental jurisdiction of this court over the review and adjudication of state claims attendant to this complaint.

JURY TRIAL DEMANDED

5. These defendants admit, concur in and independently request trial by jury on all issues.

VENUE

6. These defendants contest the plaintiff's factual and legal claims, but do not contest the asserted propriety of venue relative to the currently formulated complaint.

PARTIES

7. These defendants admit that at the time of the subject events, the plaintiff reported being a resident of Concord, New Hampshire; however these defendants are without sufficient information to admit or deny the current residency of the plaintiff and therefore deny this paragraph at this time.

8. These defendants admit that the Town of Loudon is a municipal entity created and recognized under New Hampshire law and is authorized to maintain a police department for which it is responsible. The final sentence of this paragraph constitutes legal argument and employs terms that are undefined; this defendant admits that it is responsible for the conduct of its department and employees; the remainder is denied as it is currently formulated.

9. These defendants admit that Robert N. Fiske was and is the Chief of Police for the Loudon, New Hampshire Police Department. These defendants admit that he is involved in the hiring,

background checks of applicants and supervision of the department's officers, but deny that he is "chief architect" and/or the ultimate decision-maker relative to hiring, discipline and overall control of the department's officers, as selectmen of the municipality have designated duties and powers attendant to such oversight. The remainder is denied as framed at this time.

10. These defendants admit that Corporal Robert S. Akerstrom and Officer Gregory L. Bavis were and are officers of the Loudon Police Department and were and are employees of the Town of Loudon, New Hampshire, that they were acting under color of law on the date alleged and that the plaintiff files this suit against them, in their individual capacities.

11. These defendants admit that Corporal Robert S. Akerstrom was and is a supervisory officer relative to Officer Gregory L. Bavis, by virtue of rank and status, limited to times of mutual patrol/assignment, but deny that he is responsible for "discipline" and "counseling" of the latter; these defendants admit in part and deny in part that the former is solely responsible for the training and control of the latter. These defendants admit that Corporal Akerstrom was acting under color of law on the date alleged and that the plaintiff files this suit against him, in his individual capacity.

12. This paragraph concerns another defendant and therefore does not require a response; to the extent a response is required, these defendants, upon information and belief, admit that Sergeant Gregory N. Ferry was and is an officer and employee of the State of New Hampshire, Department of Public Safety, Division of State Police, acts under color of state law and that the plaintiff files this suit against him, in his individual capacity.

## "FACTS[1]"

13. This paragraph merely references and incorporates prior paragraphs and does not require a response.

14. These defendants (*see* Fn. 1) admit that Corporal Akerstrom and Officer Bavis were dispatched to the area of Lovejoy and Dragonfly Roads, Loudon, New Hampshire, for a noise complaint, at approximately 11:45 p.m., on the evening of July 18, 2009.

15. These defendants admit in part and deny in part the first sentence of paragraph fifteen [15]; these defendants admit that a male clad in a red shirt ran into a wooded area, contrary to commands issued to him, but deny that he was the "sole" subject who did so. These defendants admit in part and deny in part the second sentence of paragraph fifteen [15], admitting that the Loudon officers requested the assistance of the State Police and its K-9, but deny that this request was made directly from the officers to the State Police, as such request processed through dispatch channels.

16. These defendants admit in part and deny in part the first sentence of paragraph sixteen [16]; these defendants admit that Sergeant Ferry and his K-9 arrived at a residence where a party was in fact occurring and which had been the subject of the aforementioned noise complaint and that such arrival was requested and designed to assist the Loudon Police with individuals who had fled on foot, despite such individuals having been issued lawful commands; the remainder of

---

[1]The defendants answering these factual allegations relating to July 18-19, 2009 are Corporal Robert S. Akerstrom and Office Gregory L. Bavis; the Town of Loudon and its police chief, Robert N. Fiske, are without sufficient information to admit or deny these allegations (save the knowledge and reports of the two defendant officers -- therefore deferring to their responses) and accordingly, the municipality and its police chief answer only those counts applicable to them: Counts 7 & 8.

this sentence/ paragraph is denied. These defendants admit in part and deny in part the second sentence of paragraph sixteen [16]; these defendants admit that Sergeant Ferry was advised that several people fled from the residence area and into the woods, but one in particular was identified for Sergeant Ferry.

17. These defendants admit in part and deny in part paragraph seventeen [17]; these defendants admit that Sergeant Ferry was advised that several people fled from the residence area and into the woods, but one in particular was identified for Sergeant Ferry.

18. These defendants admit that Sergeant Ferry began using his K-9 to track an individual who had run into the woods from the residence on Lovejoy Road, but deny that this tracking "took Defendant Akerstrom a considerable distance from the residence at issue."

19. These defendants deny that the plaintiff, Jessica Dennis, was "a considerable distance from the residence at issue" during the relevant time. These defendants are without sufficient information as to how Ms. Dennis arrived in the area, where or if she allegedly stepped out of a vehicle and/or whether she had ever been to the residence at issue and therefore deny same; these defendants admit that there were heavy woods in the area of the residence and that there were males "yelling" in the area at the relevant time. These defendants are without sufficient information as to whether the plaintiff, Jessica Dennis, was "seated on the ground" and/or "quiet and not moving" when first contacted by Sergeant Ferry and the K-9, but deny that she was adjacent to a vehicle, on the roadway or in plain sight when first encountered by Sergeant Ferry.

20. These defendants are without sufficient information as to the first encounter between the plaintiff, Sergeant Ferry and/or the K-9 and therefore deny sentences one [1] through four [4] of paragraph twenty [20] at this time. These defendants admit in part and deny in part sentence five

[5] of paragraph twenty [20]; defendants Akerstrom and Bavis admit that the plaintiff exhibited a small tear and scrapes in a limited area of her shirt, but deny the remainder of the allegations/claims relative to any visible defects to her clothing and/or physical injuries.

21. These defendants are without sufficient information as to the first encounter between the plaintiff, Sergeant Ferry and/or the K-9 and therefore deny paragraph twenty-one [21].

22. These defendants deny paragraph twenty-two [22]. Defendant Corporal Akerstrom was not present during the alleged interaction and therefore is without sufficient information to admit or deny and therefore denies this paragraph at this time; defendant Officer Bavis was present at the latter portion of the encounter between the plaintiff, Sergeant Ferry and/or the K-9 [only subsequent to certain alleged events] and therefore denies same at this time.

23. These defendants deny paragraph twenty three [23].

24. These defendants admit in part and deny in part paragraph twenty-four [24]; defendant Corporal Akerstrom denies that he physically took control of Ms. Dennis at the scene and is without sufficient information to admit or deny the remainder of this paragraph and therefore denies same; defendant Officer Bavis admits that he subsequently took physical control of Ms. Dennis, transporting her, and admits that he offered the plaintiff any needed medical assistance and that she denied the offer. Defendant Officer Bavis is without sufficient information to admit or deny whether he questioned the plaintiff as to whether she had been drinking, but admits that is customarily asked of detainees. Defendant Officer Bavis admits that he handcuffed the plaintiff, but denies the remainder of the allegations incorporated in the final two [2] sentences of paragraph twenty-four [24].

25. Defendant Corporal Akerstrom denies this paragraph as he was not present at the alleged

events and therefore is without sufficient information to admit or deny this paragraph and therefore denies same. Defendant Officer Bavis denies the entirety of paragraph twenty five [25].

26. Defendant Corporal Akerstrom denies this paragraph as he was not present at the alleged events and therefore is without sufficient information to admit or deny this paragraph and therefore denies same. Defendant Officer Bavis denies the entirety of paragraph twenty six [26].

27. Defendant Corporal Akerstrom denies this paragraph as he was not present at the alleged events and therefore is without sufficient information to admit or deny this paragraph and therefore denies same. Defendant Officer Bavis admits that he placed Ms. Dennis in the rear seat of a police cruiser, but denies the remainder of paragraph twenty seven [27].

28. Defendant Corporal Akerstrom denies this paragraph as he was not present at the alleged events and therefore is without sufficient information to admit or deny this paragraph and therefore denies same. Defendant Officer Bavis admits that Ms. Dennis was placed and present in the rear seat of his police cruiser, but denies the remainder of paragraph twenty eight [28].

29. Defendant Corporal Akerstrom denies this paragraph as he was not present at the alleged events and therefore is without sufficient information to admit or deny this paragraph and therefore denies same. Defendant Officer Bavis admits that he Ms. Dennis was placed and present in the rear seat of his police cruiser, but denies the remainder of paragraph twenty nine [29].

30. These defendants are without sufficient information to admit or deny the temporal reference relative to “after some time had passed,” but admit that Ms. Dennis was brought to the Loudon Police Station with other persons from the same location. These defendants admit that the

persons brought to the station were told to sit in the hallway of the station, provided arrest sheets to fill in biographical information and advised of their charges, but deny that this would have been the first indication of the existence of and/or the nature of charges relative to Ms. Dennis and/or others.

31. These defendants deny that “Ms. Dennis was told that she had to take a breath alcohol test,” but admit that she was provided the option (on a voluntary basis) to submit to a test; these defendants deny that the plaintiff sincerely blew into the machine and deny the quotation attributed to the unnamed officer. These defendants admit that the machine initially did not register for Ms. Dennis, but deny that it was due to any malfunctioning of the machine, but rather stemmed from the plaintiff’s failure to abide by instructions relative to use of the machine. These defendants admit that a later test, requested and voluntarily taken, showed a reading of .007 for Ms. Dennis, but these defendants deny the remainder of this paragraph.

32. These defendants are without sufficient information to admit or deny this paragraph, relative to Ms. Dennis’s reported statements, but deny that they heard any such statement, deny quotes attributed to unidentified officers and therefore deny this paragraph at this time.

33. These defendants deny paragraph thirty-three [33], but admit that July 18, 2009 was a Saturday.

34. These defendants deny paragraph thirty-four [34].

35. These defendants admit paragraph thirty-five [35].

36. These defendants admit paragraph thirty-six [36].

FIRST CAUSE OF ACTION

37. This paragraph merely references and incorporates prior paragraphs and does not require a

response.

38. These defendants admit in part and deny in part that defendant Officer Gregory Bavis (in conjunction with Sgt. Ferry) took part in the plaintiff's detention on or about July 19, 2009 and that Corporal Akerstrom completed and processed the resulting complaints, but deny the remainder.

39. These defendants admit in part and deny in part that defendant Officer Gregory Bavis (in conjunction with Sgt. Ferry) took part in the plaintiff's detention on or about July 19, 2009 and that Corporal Akerstrom completed and processed the resulting complaints, but deny that any such seizure was "without probable cause" or "without any legal justification," or in violation of the 4th and/or 14th Amendments; the remainder is denied.

40. This paragraph concerns another defendant and does not require a response by these defendants; to the extent a response is required, this paragraph is denied.

41. These defendants are without sufficient information as to any "numerous physical and emotional injuries causing the plaintiff pain and suffering, as well as legal and medical expenses" as alleged in this paragraph and therefore deny same at this time.

42. These defendants deny paragraph forty-two [42].

SECOND CAUSE OF ACTION

43. This paragraph merely references and incorporates prior paragraphs and does not require a response.

44. These defendants deny that Corporal Akerstrom commenced or determined the criminal charges relative to Ms. Dennis, but admit that Corporal Akerstrom signed the complaints charging the plaintiff with the two cited offenses.

45. These defendants admit paragraph forty-five [45].

46. These defendants deny that Corporal Akerstrom commenced or determined the criminal charges relative to Ms. Dennis, but admit that Corporal Akerstrom signed the complaints charging the plaintiff with the two cited offenses and deny that there was not probable cause to bring the two cited offenses against the plaintiff.

47. These defendants deny that Corporal Akerstrom commenced or determined the criminal charges relative to Ms. Dennis, but admit that Corporal Akerstrom signed the complaints charging the plaintiff with the two cited offenses and deny that he acted with "actual malice, knowing there was no probable cause for the prosecution of plaintiff."

48. These defendants are without sufficient information as to any "emotional injuries, as well as legal expenses" as alleged in this paragraph and therefore deny same at this time.

THIRD CAUSE OF ACTION

49. This paragraph merely references and incorporates prior paragraphs and does not require a response.

50. This paragraph concerns another defendant and does not require a response from these defendant; to the extent a response is required, this paragraph is denied at this time, except that these defendants admit that Sergeant Ferry was the handler of a K-9 at the relevant time.

51. This paragraph concerns another defendant and does not require a response from these defendant; to the extent a response is required, this paragraph is denied at this time, except that these defendants deny that the K-9 was not under restraint and deny the alleged "attack."

52. This paragraph concerns another defendant and does not require a response from these defendant; to the extent a response is required, this paragraph is denied at this time.

53. This paragraph concerns another defendant and does not require a response from these defendant; to the extent a response is required, this paragraph is denied at this time.

FOURTH CAUSE OF ACTION

54. This paragraph merely references and incorporates prior paragraphs and does not require a response.

55. This paragraph concerns another defendant and does not require a response from these defendant; to the extent a response is required, this paragraph is denied at this time, except that these defendants admit that Sergeant Ferry was the handler of a K-9 at the relevant time.

56. This paragraph concerns another defendant and does not require a response from these defendants; to the extent a response is required, these defendants are without sufficient information to admit or deny this paragraph and therefore deny same at this time, except that defendant Officer Gregory Bavis observed interaction after the majority of the events alleged in this paragraph, and relative to that later time-frame, denies that the K-9 was not under restraint at that time and denies observing any evidence of any alleged “attack.”

57. This paragraph concerns another defendant and does not require a response from these defendant; to the extent a response is required, this paragraph is denied at this time.

FIFTH CAUSE OF ACTION

58. This paragraph merely references and incorporates prior paragraphs and does not require a response.

59. This paragraph concerns another defendant and does not require a response from these defendant; to the extent a response is required, this paragraph is denied at this time, except that these defendants admit that Sergeant Ferry was the handler of a K-9 at the relevant time.

60. This paragraph concerns another defendant and does not require a response from these defendants; to the extent a response is required, these defendants are without sufficient information to admit or deny this paragraph and therefore deny same at this time, except that defendant Officer Gregory Bavis observed interaction after the majority of the events alleged in this paragraph, and relative to that later time-frame, denies that the K-9 was not under restraint at that time and denies observing any evidence of any alleged “attack.”

61. This paragraph concerns another defendant and does not require a response from these defendant; to the extent a response is required, this paragraph is denied at this time.

62. This paragraph concerns another defendant and does not require a response from these defendant; to the extent a response is required, this paragraph is denied at this time.

SIXTH CAUSE OF ACTION

63. This paragraph merely references and incorporates prior paragraphs and does not require a response.

64. These defendants deny paragraph sixty-four [64].

65. These defendants are without sufficient information as to any “emotional injuries with physical manifestations causing the plaintiff pain and suffering,” as alleged in this paragraph and therefore deny same at this time.

66. These defendants deny paragraph sixty-six [66].

67. These defendants deny paragraph sixty-seven [67].

SEVENTH CAUSE OF ACTION

68. This paragraph merely references and incorporates prior paragraphs and does not require a response.

69. Defendants Town of Loudon and Chief Robert N. Fiske admit in part and deny in part paragraph sixty-nine [69]; they admit that they owe a duty to exercise reasonable and proper care in the hiring, training and supervision of their municipal police officers, but deny that any such duty is owed to the plaintiff individually and/or that there was any failure to exercise due care.

70. Defendants Town of Loudon and Chief Robert N. Fiske deny paragraph seventy [70].

71. Defendants Town of Loudon and Chief Robert N. Fiske deny paragraph seventy-one [71].

72. Defendants Town of Loudon and Chief Robert N. Fiske deny paragraph seventy-two [72].

73. Defendants Town of Loudon and Chief Robert N. Fiske deny paragraph seventy-three [73].

74. Defendants Town of Loudon and Chief Robert N. Fiske deny paragraph seventy-four [74].

75. Defendants Town of Loudon and Chief Robert N. Fiske deny paragraph seventy-five [75].

76. Defendants Town of Loudon and Chief Robert N. Fiske deny paragraph seventy-six [76].

77. Defendants Town of Loudon and Chief Robert N. Fiske deny paragraph seventy-seven [77].

78. Defendants Town of Loudon and Chief Robert N. Fiske deny paragraph seventy-eight [78].

EIGHTH CAUSE OF ACTION

79. This paragraph merely references and incorporates prior paragraphs and does not require a response.

80. All four of these answering defendants admit that the events alleged herein (despite denying the factual allegations) occurred while Corporal Akerstrom and Officer Bavis were on duty for the Loudon Police Department and acting in the course and scope of their duties as municipal police officers; the remainder, including any legal conclusions, are denied at this time.

81. The answering defendants deny paragraph eighty-one [81].

82. The answering defendants are presently without sufficient information to admit or deny paragraph eighty-two [82], particularly where no date is cited, and therefore deny same at this time, subject to further investigation and amendment of this particular answer, if warranted.

83. The answering defendants deny paragraph eighty-three [83], including sub-parts A-F.

These defendants deny the propriety of the relief sought in the final ad damnum and requested relief section of the plaintiff's complaint, but concur in and independent request a jury on all issues, and reserve the right to see applicable costs, if so warranted.

By way of further answer, these defendants assert their anticipated defenses as follows:

AFFIRMATIVE DEFENSES

A. The plaintiff's first count incorporated in her complaint fails to state a triable claim for which relief can be granted as to causes of action and theorem asserting both the 4th and 14th Amendments (Count One), asserting a lack of probable cause and/or legal justification, intentional, malicious and/or deliberate indifference.

B. These defendants deny that they individually and/or jointly (both individual capacity and official capacity claims) violated any constitutional, federal, state, statutory, or common law right of the plaintiff.

C. These defendants are entitled to and assert all applicable immunities, including but not limited to good faith, qualified immunity (as to federal claims asserted in an individual capacity), official immunity and any and all other state law immunities (as to state claims).

D. The plaintiff's claims are barred in whole in or part by certain findings rendered during the state criminal proceedings, including but not limited to probable cause findings.

E. The plaintiff's state theorem are limited and/or barred by RSA 541-B, including but not

limited to, RSA 541-B:19, as well as any state statutory caps on damages related to state claims, as well as pre-requisites and limitations embodied in RSA 507-B.

F. The plaintiff may not maintain a cause of action for intentional infliction of emotional distress, as she fails to cite and/or meet the necessary predicate elements; the plaintiff must show "extreme and outrageous conduct" by the defendants that "intentionally or recklessly caused [her] severe emotional distress" and “go beyond all possible bounds of decency,” evidence lacking in this case; additionally, though denied, sexual harassing or profanity based comments do not constitute a viable constitutional claim, as asserted in Count Six [6].

G. The plaintiff's medical and mental health history is unknown and currently unexplored and these defendants reserve the right to conduct discovery relative to same and assert the lack of medical nexus, pre-existing and/or subsequent, unrelated medical and mental health issues that fail to satisfy the elements, including relationship of medical and damages claims.

H. The plaintiff may not maintain a cause of action for negligent supervision/retention against the municipality, based on particular officers’ conduct and/or propensities without either evidence of same and/or a prior, adverse and admissible act or finding against same and/or competent evidence of prior actions or propensities.

I. The plaintiff lacks the necessary physical injury, emotional distress, harm or damage necessary to advance all or part of her legal theorem.

J. The plaintiff’s *respondeat superior* claim may not be maintained on the facts and circumstances alleged herein, per the *Daigle* decision.

K. The plaintiff's claims of intentional, malicious and deliberately indifferent conduct do not support a *respondeat superior* theorem, as a matter of law.

L. The defense reserves the right to argue that the plaintiff was not subject to actual physical injury or damage from these defendants, precluding her legal theorem and damages sought on such bases.

M. These defendants reserve the right to assert abstention, res judicata and/or collateral and judicial estoppel based on the criminal proceedings.

N. The defense reserves the right to argue that the plaintiff has no special damages, may not maintain the damages she asserts in this complaint and has failed to mitigate any claimed harm or cited damages.

O. There existed probable cause to support the plaintiff's arrest on one or both of the criminal charges filed and/or alternative charges and therefore, summary judgment is warranted in defendants' favor.

P. The plaintiff's complaint and evidence fail to support a claim of malicious prosecution (Count Two), lacking sufficient factual content under *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1949 (2007) and/or facial plausibility, due to the absence of any evidence of malice, spite, ill will, or personal hostility toward her, as well as Defendant Akerstrom not having determined to effect the plaintiff's arrest or having made the decision to do so.

Q. The plaintiff's claims against the municipality and Defendant Chief Robert N. Fiske are redundant and thus warrant *brevis* disposition of one, as duplicative.

R. The defense reserves the right to adopt and assert any affirmative defenses raised by the co-defendant.

S. This defendant reserves the right to supplement these defenses, as discovery progresses.

WHEREFORE defendants, Town of Loudon, Chief Robert N. Fiske, Corporal Robert S. Akerstrom and Officer Gregory L. Bavis, by and through their counsel, respectfully request that this Court:

A. Accept and docket this omnibus answer to the Plaintiff's complaint;

B. Grant these defendants' requests for jury trial in this matter;

C. Grant leave for the defense to file dispositive motions; and

D. Grant such other and further relief as justice may require.

Respectfully submitted,

Town of Loudon,
Chief Robert N. Fiske,
Corporal Robert S. Akerstrom and
Officer Gregory L. Bavis

By their counsel,

Curtin, Murphy & O'Reilly, PC

Date: August 1, 2011

/s/ John A. Curran
John A. Curran (NH Bar # 8150)
One Tara Blvd., Suite 309
Nashua, NH 03062
Tel: (603) 888-7188
jcurran@cmopc.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being contemporaneously served on the following counsel of record by means of ECF notice: Nicholas Brodich, Esquire (for the plaintiff) and the New Hampshire Attorney General's Office (for the co-defendant), Attorneys Vinson and O'Neill, with a timely copy being electronically provided to my clients.

/s/ John A. Curran
John A. Curran (NH Bar # 8150)